UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Chong Ming He, individually and on behalf of all other
employees similarly situated,

               Plaintiff,


        - against -


Watawa Inc., d/b/a Watawa Sushi, Guo Qing Zhang, Qiao
Yun Chen, John Does and Jane Does # 1-10

               Defendants.

---

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

      Plaintiff Chong Ming He ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Watawa Inc., d/b/a Watawa Sushi, Guo Qing Zhang, Qiao Yun Chen, John Does and Jane Does # 1-10   (collectively "Defendants"), alleges and shows the Court the following:

**NATURE OF THE ACTION**

      1.    Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to (i) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et seq.  Plaintiff brings this claim individually and on behalf of other

similarly situated employees under the collective action provisions of the FLSA 29 U.S.C. §216(b).

2.      Plaintiff further complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to (i) overtime compensation for work performed for which they did not receive overtime premium pay; (iii) spread of hours compensation; (iv) damages for Defendants' failure to provide wage notice at the time of hiring and failure to provide wage payment statements, and (v) liquidated damages, costs, interest and attorneys' fees pursuant to the New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay ("NYLL").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over the State law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant Watawa Inc., d/b/a Watawa Sushi maintains a place of business

2

located at 33-10 Ditmars Blvd, Astoria, NY 11105, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## THE PARTIES

7.     Plaintiff is a resident of the State of New York, County of Queens.

8.     Plaintiff was employed by the Defendants as a sushi chef at Wadawa Sushi from April 2013 to September 2013.

9.     Defendant Watawa Inc., d/b/a Watawa Sushi is a New York corporation with a principal place of business at 33-10 Ditmars Blvd, Astoria, NY 11105.

10.     Upon information and believe, Defendant Guo Qing Zhang is an owner, officer, shareholder, and manager of Watawa Sushi.  Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at Watawa Sushi, establish their wages, set their work schedules, and maintain their employment records.

11.     Upon information and believe, Defendant Qiao Yun Chen is an owner, officer, shareholder, and manager of Watawa Sushi.  Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at Watawa Sushi, establish their wages, set their work schedules, and maintain their employment records.

12.     Upon information and believe, Defendants Does are as-yet unidentified owners, officers, shareholders, and managers of Watawa Sushi.  Upon information and belief, at all times relevant to the allegations herein, they had the power to hire and fire employees at Watawa Sushi, establish their wages, set their work schedules, and maintain their employment records.

13.     Defendants Watawa Inc., d/b/a Watawa Sushi, Guo Qing Zhang and Qiao Yun Chen are employers within the meaning of the FLSA and New York Labor Law.

14.     During the times relevant to this Complaint, Defendants have employed more than ten employees and have an annual gross volume of sales of not less than $500,000.00.

15.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

16.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

17.     Defendants employed Plaintiff and all others similarly situated employees as employees within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

18.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since December 2012 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least thirty (30) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they

lack adequate financial resources, access to attorneys or knowledge of their claim.

20.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

21.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

22.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.     whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.     what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     whether Defendants failed to pay the Collective Action Members minimum wages for all hours worked as well as overtime compensation

for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.      whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.      whether Defendants should be enjoined from such violations of the FLSA in the future.

23.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## <u>CLASS ALLEGATIONS</u>

24.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

25.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since December 2009 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid spread-of-hour pay and overtime wages in violation of the New York Labor Law (the "Class").

26.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of thirty (30) members of the Class

during the Class Period.

27.    The claims of Plaintiff is typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy--particularly in the context of wage and hour litigation where individual Plaintiff lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

28.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

29.    Plaintiff has committed himself to pursuing this action and he has retained competent counsel experienced in employment law and class action litigation.

30.    Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

31.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    whether the Defendants employed the Plaintiff and Class within the meaning of the New York Labor Law;

b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the members of the Class;

c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.    whether Defendants failed to pay the Class wages for all hours worked as

well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the NYLL and the regulations promulgated thereunder;

e.      whether Defendants' violations of the NYLL are willful as that term is used within the context of the NYLL;

f.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g.      whether Defendants should be enjoined from such violations of the NYLL in the future;

h.      whether Defendants failed to pay Plaintiff and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split worked in a day; and

i.      whether Defendants failed to provide Plaintiff with written notices of their rates of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures as required by New York Labor Law, §195(1)(a); and

j.      whether Defendants failed to provide  Plaintiff with written statements of their wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof as required by New York Labor Law, § 195(3).

## STATEMENT OF FACTS

32.     At all relevant times, the defendants operated a restaurant known as

Watawa Sushi at 33-10 Ditmars Blvd, Astoria, NY 11105.

33.    Upon information and belief, Defendants employ at least ten (10) employees at any one time in their restaurant. Plaintiff and a large number of Defendants' other employees have not received their: (i) overtime pay as required by the Fair Labor Standards Act and the New York Labor Law; (ii) spread-of-hour pay for work performed in excess of 10 hours per day and/or when working split shifts; and (iii) wage statements and notices as required by the New York Labor Law.

34.    Plaintiff was employed by the Defendants as a sushi chef at Watawa Sushi from April 2013 to September 2013.

35.    When the Plaintiff was hired, he was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

36.    During the employment of Plaintiff by Defendants, Plaintiff was paid a fixed rate of $650 per week.  Plaintiff worked more than forty (40) hours per workweek on each workweek. Specifically, Plaintiff worked six day a week with only Wednesday off. On Monday, Tuesday and Thursday, Plaintiff worked frim 11: 50 am to 11: 00 pm with one hour break for ten hours and ten minutes (10.10) per day. On Friday and Saturday, Plaintiff worked from 11: 50 am to 12:00 a.m. with one hour break for eleven hours and twenty minutes (11.20). On Sunday,

Plaintiff worked from 11:50 am to 11:00 pm with one hour break for eleven hours and fifty-minutes (11.50). Plaintiff thus worked at least sixty-five (65) hours per workweek.

37.     Throughout his employment by Defendants, Plaintiff worked more than ten (10) hours from Monday through Sunday every workweek except for one day off. Plaintiff is entitled to spread-of-hour premium for those six (6) days.

38.     Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

39.     The work performed by Plaintiff required little skill and no capital investment.

40.     Plaintiff did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

41.     Plaintiff often worked in excess of 40 hours a week yet the Defendants willfully failed to pay Plaintiff compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

42.     In addition to the Plaintiff, during the time period Defendants usually employed at least ten (10) other employees simultaneously,

43.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until present, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital providing chef, server, delivery and other general

restaurant services.

44.     Such individuals have worked in excess of 40 hours a week providing cashier, cook, chef, waiter/waitress, food preparation, dish washer and cleaning, bookkeeping, delivery and other general restaurant services, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

45.     As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

46.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants routinely required Plaintiff and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

47.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

48.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

11

## STATEMENT OF CLAIMS

### *FIRST CLAIM FOR RELIEF:*

### *FAIR LABOR STANDARDS ACT*

49.     Plaintiff on behalf of himself all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

50.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

52.     Upon information and belief, at all relevant times, the Corporate Defendants has gross revenues in excess of $500,000.

53.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

54.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C, §§ 201 *et seq,* including 29 U.S.C. §§ 207(a) (1) and 215(a).

55.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the

Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, is entitled to recover from Defendants their unpaid overtime compensation, an additional amount equal as liquidated damages, and reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:

## NEW YORK LABOR LAW

58.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

60.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

61.     The Defendants' New York Labor Law violations have caused Plaintiff

and the members of the Class irreparable harm for which there is no adequate remedy at law.

62.     Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, an additional hour of pay for each hour worked in excess of ten hours in one day, an additional hour of pay for each split shift worked in a day, and reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al.

### THIRD CLAIM FOR RELIEF:

### FAILURE TO PROVIDE NOTICES AND STATEMENTS

### UNDER NEW YORK LABOR LAW

63.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64.     The defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

65.     Due to the defendants' violation of the NYLL, § 195(1), the Plaintiff on behalf of himself and all other similarly situated members of the Class are entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up

to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

66.     The defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

67.     Due to the defendants' violation of the NYLL, § 195(3), the Plaintiff on behalf of himself and all other similarly situated members of the Class are entitled to recover from the defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).

68.     The defendants' NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF:

### FAILURE TO PROVIDE PAY STUBS

### UNDER NEW YORK LABOR LAW

69.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

15

71.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

72.     Due to the defendants' violation of the NYLL, § 195(3), the Plaintiff on behalf of himself and all other similarly situated members of the Class are entitled to recover from the defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the New York Labor Law;

e.  An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of wages for overtime compensation and spread-of-hours compensation due under the FLSA and the New York Labor Law;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C § 216 and the New York Labor Law;

h.  An award of liquidated damages as a result of the defendants' failure to furnish a notice at the time of hiring, pursuant to the New York Labor Law;

i.  An award of liquidated damages as a result of the defendants' failure to furnish statements with each payment of wages, pursuant to the New York Labor Law;

j.  An award of prejudgment and post-judgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.  Such other and further relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York  December 09, 2015   HANG & ASSOCIATES, PLLC.

*/S/* JIAN HANG
Jian Hang
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com

*Attorneys for Plaintiff*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Watawa Inc., Guo Qing Zhang, Qiao Yun Chen and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

CHONG MING HE
Full Legal Name (Print)

CHONG MING 何
Signature

2015.12.7
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICESRENDERED**

TO:   Guo Qing Zhang,

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Chong Ming He, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Watawa Inc.for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: December 09, 2016

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICESRENDERED**

TO:   Chen Qiao Yun,

    PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Chong Ming He, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Watawa Inc.for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

    Dated: December 09, 2016

# EXHIBIT 3

**DEMANDBY EMPLOYEES TOINSPECTSHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:   Wadawa Inc., d/b/a Wadawa Sushi
        33-10 Ditmars Blvd, Astoria, NY 11105

PLEASE TAKE NOTICE, that Chong Ming He and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: December 09, 2016